Matter of Baldassare (2024 NY Slip Op 06333)

Matter of Baldassare

2024 NY Slip Op 06333

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2023-05880

[*1]In the Matter of R. Thomas Baldassare, deceased. Stefano A. Masi, appellant; Joan Baldassare, et al., respondents. (File No. 1105/90)

DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Steven P. DeRicco and Scott M. Salant of counsel), for appellant.
Joan R. Baldassare, named herein as Joan Baldassare, Mahwah, New Jersey, respondent pro se.

DECISION & ORDER
In a probate proceeding in which Stefano A. Masi petitioned pursuant to SCPA 2205 to compel a trust accounting, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated March 21, 2022. The order, insofar as appealed from, granted the respondents' motion to dismiss the petition and dismissed the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The decedent, R. Thomas Baldassare, died testate in March 1990. The decedent's will named his wife, Joan Baldassare, as the executor of his estate. In August 1990, Joan created a disclaimer trust (hereinafter the disclaimer trust) by filing a notice of renunciation of interest with the Surrogate's Court. On October 1, 1990, Stefano A. Masi was appointed trustee of the disclaimer trust.
By petition dated April 30, 2021, Masi sought to compel an accounting by Joan pursuant to SCPA 2205. In October 2021, Joan and the decedent's children Karen Klypka, Alice McGillycuddy, and Toni-Ann Baldassare Giordano (hereinafter collectively the respondents) moved to dismiss the petition. Masi opposed their motion. By order dated March 21, 2022, the Surrogate's Court, inter alia, granted the respondents' motion and dismissed the petition. Masi appeals.
SCPA 2205 provides, inter alia, that the Surrogate's Court may at any time, upon it appearing that it is for the best interests of the estate, make an order requiring a fiduciary to file an intermediate or final account within such time and in such manner as directed (see id. § 2205[1][a]). Here, the Surrogate's Court providently exercised its discretion in determining, in effect, that compelling Joan to file an account was not in the best interests of the estate (see Matter of Lorenzetti [Kennedy], 122 AD3d 548, 549; Matter of Mastroianni, 105 AD3d 1136, 1138; Matter of Taber, 96 AD2d 890, 890).
In light of our determination, we need not reach Masi's remaining contention.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court